**FILED**

JAN 1 7 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

BRANDON SAMPLE                          )
# 33949-037
Federal Prison Camp                     )
P.O. BOX 1000
Duluth, Minnesota 55814                 )

BERNARD SHAW                            )
#59469-004
Federal Satellite Low                   )
2600 Highway 301 South
Jesup, Georgia 31599                    )

RUSSELL MARKS                           )
# 06550-045
FCI Pollock                             )
P.O. BOX 2099
Pollock, Louisiana 71467                )

DANIEL MEYER                            )        Case: 1:12-cv-00099
#03026-029                                       Assigned To : Walton, Reggie B.
FCI Allenwood                           )        Assign. Date : 1/17/2012
P.O. BOX 1000                                    Description: Pro Se Gen. Civil
White Deer, Pennsylvania 17887          )

WESLEY HAWKINS                          )
# 06207-041
Federal Prison Camp                     )
P.O. BOX 644
Jonesville, Virginia 24263              )

PHUNG HOANG                             )
# 14538-041
Federal Prison Camp                     )
P.O. BOX 1000
Duluth, Minnesota 55814                 )

VINH HOANG                              )
# 14535-041
Federal Prison Camp                     )
P.O. BOX 1000
Duluth, Minnesota 55814                 )

JOSEPH GIGANTI                          )
# 13520-040
Federal Prison Camp                     )
P.O. BOX 1000
Duluth, Minnesota 55814                 )

```
PHI TRAN                             )
# 14970-041
Federal Prison Camp                  )
P.O. BOX 1000
Duluth, Minnesota 55814              )

LARRY DYSON                          )
#10647-042
Federal Prison Camp                  )
P.O. BOX 1000
Duluth, Minnesota 55814              )

JON SWEENEY                          )
# 13063-041
Federal Prison Camp                  )
P.O. BOX 1000
Duluth, Minnesota 55814              )

KURT SCHELS                          )
# 06733-090
Federal Prison Camp                  )
P.O. BOX 1000
Duluth, Minnesota 55814              )

ZANE VANG                            )
# 15049-041
Federal Prison Camp                  )
P.O. BOX 1000
Duluth, Minnesota 55814              )

MARQUIS DAVIS                        )
# 08217-089
Federal Prison Camp                  )
P.O. BOX 1000
Duluth, Minnesota 55814              )

JOHN PIERSON                         )
# 09161-041
Federal Prison Camp                  )
P.O. BOX 1000
Duluth, Minnesota 55814              )

DEREK GILNA                          )
# 19260-424
Federal Prison Camp                  )
P.O. BOX 1000
Duluth, Minnesota 55814              )

PENG THAO                            )
# 12790-041
Federal Prison Camp                  )
P.O. BOX 1000
Duluth, Minnesota 55814              )
```

```
v.                                                     )

CONGRESSIONAL SWITCHBOARD OPERATORS,                   )

WHITE HOUSE SWITCHBOARD OPERATORS,                     )

MEMBERS OF THE UNITED STATES SENTENCING COMMISSION,    )

OFFICE OF GOVERNMENT INFORMATION SERVICES,             )

ATTORNEY GENERAL OF THE UNITED STATES,                 )

OFFICE OF MANAGEMENT AND BUDGET,                       )

U.S. POSTAL SERVICE,                                   )

DEPARTMENT OF JUSTICE,                                 )

DEPARTMENT OF TRANSPORTATION,                          )

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,           )

DEPARTMENT OF HOMELAND SECURITY,                       )

DEPARTMENT OF TREASURY,                                )

DEPARTMENT OF STATE,                                   )

DEPARTMENT OF LABOR,                                   )

DEPARTMENT OF COMMERCE,                                )

DEPARTMENT OF VETERANS AFFAIRS,                        )

DEPARTMENT OF ENERGY,                                  )

DEPARTMENT OF DEFENSE,                                 )

DEPARTMENT OF INTERIOR,                                )

DEPARTMENT OF HEALTH AND HUMAN SERVICES,               )

AND                                                    )

DEPARTMENT OF EDUCATION.                               )
```

## ORIGINAL COMPLAINT

1.   The Plaintiffs in this action, current and soon to be released federal prisoners, challenge unconstitutional and other unlawful actions by the Defendants.  Plaintiffs' claims lie in mandamus,

the U.S. Constitution, the Administrative Procedures Act ("APA"), and the Freedom of Information Act ("FOIA").

**Jurisdiction**

2. This Court has federal question jurisdiction over Plaintiffs' claims.

**Venue**

3. Venue is appropriate in the District of Columbia.

**Count One**

4.  The Bureau of Prisons (BOP) allows the Plaintiffs[1] to place telephone calls to individuals, businesses, and other entities within the community.  When a called party receives a call from a federal prisoner, a message is announced that requires the called party to push the number five ("push 5") on his or her telephone before the called party and prisoner are connected.

5.  The U.S. Capitol, White House, and Defendants Department of of Housing and Urban Development ("HUD"), Department of Homeland Security ("DHS"), Department of Treasury ("Treasury"), Department of State ("State"), Department of Labor ("DOL"), Department of Commerce ("Commerce"), Department of Veterans Affairs ("VA"), Department of Energy ("DOE"), Department of Defense ("DOD"), Department of Interior ("DOI"), Department of Health & Human Services ("HHS"), Department of Transportation ("DOT"), Department of Education ("DOT"), Office of Management & Budget ("OMB"), and U.S. Postal Service ("USPS") have main telephone numbers that are answered by a live operator.

---

[1]    Plaintiff Sample does not join this Count of the Complaint.

4

6.    When Plaintiffs call main numbers for each of the Defendants
in paragraph five of this Complaint, the live operators who answer
their calls refuse to push five.

7.    Defendant Congressional Switchboard Operators, White House
Switchboard Operators, HUD, DHS, Treasury, State, DOL, Commerce,
VA, DOE, DOD, DOI, HHS, Education, DOT, OMB, and USPS's refusal
to accept prepaid calls from Plaintiffs interferes with the Plaintiffs'
right to petition for redress of grievances in violation of
the First Amendment of the U.S. Constitution.  U.S. Const. Amend. 1.
Plaintiffs respectfully request an order enjoining these Defendants
from refusing to accept calls from the Plaintiffs.

**Count Two**

8.    On November 4, 2008, Plaintiffs Sample, Marks, and Shaw submitted
petitions for rulemaking to Defendants Department of Justice ("DOJ"),
HUD, DHS, Treasury, State, DOL, Commerce, VA, DOE, DOD, DOI, HHS,
Education, and DOT requesting these agencies promulgate regulations
implementing Pub.L. 107-347 § 202(c) of the E-Government Act of
2002.  Section 202(c) of the E-Government Act requires agencies
to ensure that access to government information and services is
not diminished for individuals who lack access to the Internet,
such as the Plaintiffs.  Id.  Section 202(c) further requires
agencies to pursue alternate methods of delivering government
information and services to individuals who lack access to the
Internet.  Id.

9.    On December 19, 2008, DOE denied Plaintiffs' petition for
rulemaking asserting that it was "in full compliance" with section
202(c), pointing to Plaintiffs' ability to reach DOE at its main
telephone number.  But as described in Count One of this Complaint,

DOE operators will not accept prepaid calls from federal prisoners.
Defendant DOL similarly denied Plaintiffs' rulemaking petition
on March 19, 2009.  Defendants VA and Education provided
non-responsive communications dated December 17, 2008, and January
28, 2009, respectively.  Each of these actions were arbitrary
and capricious, 5 U.S.C. § 706(2)(A), and Plaintiffs request an
order declaring same.

10.   The remainder the agencies listed in paragraph eight of this
Complaint did not respond to Plaintiffs' petitions for rulemaking.
These agency's failure to respond constitutes agency action
unlawfully withheld.  5 U.S.C. § 706(1).  Plaintiffs request an
order directing these agencies to respond to their rulemaking
petitions.

**Count Three**

11.   Title 28, Section 994, provides that the U.S. Sentencing
Commission:

> (a)  [S]hall promulgate and distribute to all courts of
> of the United States and to the United States Probation
> System--
>
>> (2) general policy statements regarding application
>> of the guidelines or any other aspect of sentencing
>> or sentence implementation that in the view of the
>> Commission would further the purposes set forth in
>> Section 3553(a)(2) of title 18, United States Code,
>> including the appropriate use of --
>>
>>> (C) the sentence modifications provisions set
>>> forth in section [...] 3573;
>>>
>>> (F) the temporary release provisions set forth
>>> in Section 3622 of title 18, and the prerelease
>>> custody provisions set forth in Section 3624(c)
>>> of title 18
>>
>> (3) guidelines or general policy statements regarding
>> the appropriate use of . . . the provisions for
>> modification of the term or conditions of supervised
>> release . . . set forth in Section 3583(e) of title
>> 18.

28 U.S.C. § 994(a)(2)(C)-(F) & (3).

12.  To date, some 24 years after § 994 became effective, the U.S. Sentencing Commission has failed to promulgate a general policy statement concerning the sentence modifications provisions set forth in 18 U.S.C. § 3573, the temporary release provisions set forth in 18 U.S.C. § 3622, and the prerelease custody provisions set forth in 18 U.S.C. § 3624(c).  28 U.S.C. § 994 (a)(2)(C)-(F).

13.  The U.S. Sentencing Commission has also failed to promulgate a guideline or general policy statement regarding the appropriate use of . . . the provisions for modification of the term or conditions of supervised release set forth in 18 U.S.C. § 3583(e). 28 U.S.C. § 994(a)(3).

14.  Plaintiffs, current and soon to be released federal prisoners, request the Court issue a writ of mandamus in accordance with 28 U.S.C. § 1361 directing Defendant Members of the U.S. Sentencing Commission to comply with the requirements of § 994 as outlined in paragraphs 11-13 of this Complaint.

15.  The Plaintiffs have a clear right to the relief requested, Defendant has a clear duty to act based on the dictates of § 994, and there is no other adequate remedy available to Plaintiffs to compel Defendant to act.  Walpin v. Corp. for Nat'l & Comty. Servs., 630 F.3d 184, 187 (D.C. Cir. 2011)(outlining requirements for issuance of a writ of mandamus); Washington Legal Foundation v. United States Sentencing Comm'n, 89 F.3d 897 (D.C. Cir. 1996)(no remedy available under the APA against the U.S. Sentencing Commission; sovereign immunity not a bar to mandamus relief); In re AM. Rivers & Idaho Rivers United, 372 F.3d 413

(D.C. Cir. 2004)(over six year delay warranted mandamus relief).

**Count Four**

16. Title 42, Section 15607(a) direct that:

> Not later than 1 year after receiving the report
> specified in [42 U.S.C. § 15606(d)(3)], the Attorney
> General shall publish a final rule adopting national
> standards for the detection, prevention, reduction,
> and punishment of prison rape.

42 U.S.C. § 15607(a).

17. On June 23, 2009, the Attorney General received the report

specified in 42 U.S.C. § 15606(d)(3) from the Prison Rape

Elimination Act Commission. To date, however, the Attorney General

has failed to "publish a final rule adopting national standards

for the detection, prevention, reduction, and punishment of prison

rape" as required by § 15607(a).

18. Plaintiffs request the Court issue an order in accordance

with 5 U.S.C. § 706(1) directing the Attorney General to immediately

publish the final rule required by § 15607(a). The Plaintiffs

have a clear right to the relief requested, the Attorney General

has a clear duty to act, and no other adequate remedy is available

to Plaintiffs.

**Count Five**

19. On May 5, 2011, Plaintiff Sample requested the Executive

Office for U.S. Attorneys ("EOUSA") provide him with records

under FOIA from the District of Minnesota pertaining to all corporate

victims currently owed restitution under the Mandatory Victims

Restitution Act. Request number 11-1583 was assigned to the request.

Plaintiff Sample sought the name and address for each corporate

victim, the amount currently owed to each victim, the name of

the defendant owing the restitution, and the criminal case number

8

assigned to each defendant's respective case.  Plaintiff Sample
further requested that all search fees for his request be waived
based on his status as a representative of the news media.

20.  Since March 2008, Plaintiff Sample has been a contributing
writer for Prison Legal News ("PLN"), a nationally syndicated
monthly publication that covers prisons, jails, and other criminal
justice issues.  To date, Plaintiff Sample has written over 138
articles for PLN.  Plaintiff Sample provided EOUSA with a letter
from PLN's editor, Mr. Paul Wright, indicating that Sample can
reasonably expect PLN will publish any article Sample may write
on criminal justice issues.

21.  On August 12, 2011, EOUSA asked Plaintiff Sample to provide
it with additional information before it would conduct a search
for responsive records.  In particular, EUOSA asked Sample to
provide it with a "list of specific cases" because debts are not
tracked by victim, but by Defendant.  Sample declined to comply
with EOUSA's request and appealed EOUSA's action to the Department
of Justice's Office of Information Policy ("OIP").  On October
11, 2011, OIP affirmed EOUSA's refusal to process Sample's
request, stating that Sample's request required an unduly burdensome
search.

22.  EOUSA's refusal to search for responsive records violates
FOIA.  Plaintiff Sample reasonably described the records he was
seeking, the only statutory requirement needed to trigger EOUSA's
duty to conduct a search for responsive records.  The Court
should accordingly order DOJ to conduct a search for the records
sought by Plaintiff Sample.

**Count Six**

23.  Title 5, U.S.C. § 552(h)(3) provides:

> The Office of Government Information Services <u>shall offer</u>
> mediation services to resolve disputes between persons
> making requests under this section and administrative
> agencies as a non-exclusive alternative to litigation

5 U.S.C. § 552(h)(3)(emphasis added).

24.  In accordance with § 552(h)(3), Plaintiff Sample requested
mediation services for five FOIA requests that he submitted to
the BOP: 08-06352, 09-03589, 10-05920, 10-05919, and 10-01915.
The Office of Government Information Services ("OGIS") assigned
case numbers 2011-0120, 2011-0121, 2011-0124, 2011-0125, and 2011-
0123 to the requests.  However, rather than offer mediation services
as required by § 552(h)(3), OGIS notified Plaintiff Sample that
it did not believe these FOIA requests were "appropriate for
mediation."

25.  OGIS's refusal to offer mediation services for the requests
submitted by Plaintiff Sample is contrary to § 552(h)(3) as the
statute commands that OGIS "<u>shall offer</u>" mediation services to
interested persons.  5 U.S.C. § 552(h)(3).  Because of the
statutory language, OGIS has no discretion to decide which matters
are and are not deserving of mediation services.

26.  Plaintiff Sample requests the Court hold that OGIS's refusal
to offer mediation services for these requests is contrary to
law, 5 U.S.C. § 706(2)(A), and accordingly direct OGIS to offer
mediation services for these requests.

**Count Seven**

27.  On March 1, 2011, Plaintiff Sample sent an e-mail to Mr.
Wilson J. Moorer, BOP Central Office FOIA branch, requesting that
he be granted "preferred status for all . . . pending and future

. . . FOIA requests" submitted to the BOP.  In the e-mail, Plaintiff
Sample explained that he was entitled to preferred status based
on his status as a representative of the news media.

28.  Since March 2008, Plaintiff Sample has been a contributing
writer for Prison Legal News ("PLN"), a nationally syndicated
monthly publication that covers prisons, jails, and other criminal
justice issues.  Plaintiff Sample has written over 138 articles
for PLN, and PLN's editor, Mr. Paul Wright, has confirmed to
Defendant DOJ, via letter, that Plaintiff Sample "can reasonably
expect that PLN will publish any article he may write concerning
prisons, jails, or other criminal justice issues."

29.  Plaintiff Sample explained to BOP in his March 1, 2011,
e-mail that he planned to write articles for PLN on nineteen
different topics, many of which require records from BOP under FOIA.
Accordingly, based on his news media affiliation with PLN, Plaintiff
Sample requested BOP grant him a fee waiver for all of his current
and future FOIA requests.  5 U.S.C. § 552(a)(4)(a)(ii)(III) and
(a)(4)(A)(iv)(II).  BOP took no action in response to Plaintiff
Sample's March 1, 2011, e-mail.

30.  Notwithstanding Plaintiff Sample's entitlement to a waiver
of search fees, BOP impermissibly attempted to charge Sample
search fees for FOIA requests 11-06303, 11-07714, 11-07172, 11-06207,
11-06243, 11-06081, 11-06233, 11-06143, 11-07326, 11-07328, 11-05298,
11-05607, 11-05606, 11-04595, 11-04836, 11-04533, 11-06172, 11-06173,
11-06178, 11-06179, 11-06299, 11-06512, 11-06366, 11-07709, 11-04037,
11-06175, 11-06230, 11-06236, 11-06080, 11-06082, 09-06270, 09-04018,
and 09-03543.  Plaintiff Sample appealed the BOP's actions in
response to these FOIA requests to OIP.  OIP failed to adjudicate

some of these appeals.  For the remainder, OIP refused to afford
Sample news media status on the solitary basis that PLN is not
a news media entity.  This was error as PLN is a news media entity
within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii)(III)(unnumbered
paragraph immediately following III).

31.  Indeed, DOJ in the past has acknowledged that PLN is a news
media entity as Plaintiff Sample was granted a news media fee
waiver by BOP/DOJ in response to FOIA request # 2010-07137.

32.  Plaintiff Sample respectfully requests the Court hold that
PLN is a news media entity within the meaning of FOIA, and
accordingly direct DOJ to grant Sample a fee waiver for each of
the FOIA requests subject to this Count of the Complaint.[2]

**Count Eight**

33.  Aside from erroneously denying Plaintiff Sample news media
status for requests 2011-05298, 2011-05607, 2011-05606, 2011-04595,
2011-04836, and 2011-04533, BOP impermissibly attempted to charge
Sample $63.53 in direct costs for burning 7,860 responsive pages
to disk.  According to the BOP, 1.25 hours of time is needed to
save these records to disc.  Further, BOP claims that a managerial
level, GS13 staff member, must peform this task.

34.  It does not take 1.25 hours to burn these records to disc.
All of these records (A&O handbooks) are maintained by the BOP
in electronic format.  Once the BOP's search is concluded, it
should take no more than ten minutes to save these files to disc.

---

[2]    To the extent Plaintiff Sample may have misidentified or
failed to identify relevant FOIA request numbers related to this
Count, Plaintiff alleges generally that BOP has wrongfully refused
to treat him as a representative of the news media for all of
his FOIA requests that were pending on, or filed after, March 1, 2011.

Further, the saving of these records to disk does not require the use of managerial staff. Clerical BOP staff can do this. BOP is impermissibly attempting to increase the costs for this request by intentionally using less timely means of saving these records to disk, and more highly paid staff. Because of BOP's abusive tactics, the Court should order the DOJ to respond to these requests at no cost to Plaintiff Sample.

**Count Nine**

35. BOP impermissibly attempted to charge Plaintiff Sample direct costs for converting responsive records to FOIA requests 11-06512 and 11-06299 into electronic format. Because Sample is a representative of the news media, and because the BOP did not respond to these requests within the required statutory time period, no duplication fees may be charged for these requests. 5 U.S.C. § 552(a)(4)(A)(viii). Direct costs associated with converting records into electronic format are a part of the duplication fees authorized by statute. Other than search, duplication, and review fees, no other fees are authorized by the FOIA. 5 U.S.C. § 552(a)(4)(A)(iv)("Fee schedules shall provide for the recovery of only the direct costs of search, duplication, or review.").

36. Plaintiff Sample requests the Court order the DOJ to produce the responsive records related to this Count at no cost to Plaintiff Sample.

**Count Ten**

37. In the alternative to the search fee allegations presented in Count Seven, Plaintiff Sample alleges that BOP impermissibly attempted to assess search fees for FOIA requests 11-06081, 11-06233,

13

11-06243, and 11-06143.

38.   For request number 11-06081, BOP claims that it will take twenty-six quarter hours of professional time to search for responsive records (institution supplements).  However, because all BOP institution supplements are located on Sallyport, one of BOP's information management systems, it should, with reasonable effort, take no more than two hours to locate all of these records.

39.   For request number 11-06233, BOP claims that it will take six quarter hours (six minutes per 34 institutions) of professional time to locate these records (rated capacity computation forms). However, all of these records are centrally located within the BOP's Southeast Regional Office.  BOP knows this, as Program Statement 1060.11, Rated Capacity of Bureau Facilities, § 8.a., requires maintenance of these records at this central location. Nevertheless, BOP insists on searching for these records institution by institution in order to increase the cost of this FOIA request to Plaintiff Sample.

40.   BOP similarly attempted to increase the search costs for request number 11-06243 and 11-06143 although all of the responsive records are maintained on BOP staff computers, and can be located within one to three minutes per institution.

41.   Because of BOP's abusive tactics, the Court should order the DOJ to produce the records related to this Count at no cost to Plaintiff Sample.

**Count Eleven**

42.   BOP impermissibly attempted to assess duplication fees for FOIA request number 11-06363.  BOP did not respond to Plaintiff

14

Sample's request within the required statutory time period, eliminating all fees due to Sample's news media status.  5 U.S.C. § 552(a)(4)(A)(viii).  Accordingly, the Court should order the DOJ to produce all responsive records to this request at no charge to Plaintiff Sample.

**Count Twelve**

43.  BOP erred in attempting to assess $112.70 in fees for producing responsive photos to request number 09-07057.  BOP sought these fees for costs associated with redacting the requested photos for disclosure, but fees related to redaction are considered review fees, which are not applicable to non-commercial FOIA requesters.  28 C.F.R. § 16.11(b)(7) and (c)(3).  Plaintiff Sample is a non-commercial requester.  Accordingly, Plaintiff Sample respectfully requests the Court order the BOP to produce these records without the $112.70 fee.

**Count Thirteen**

44.  BOP improperly withheld portions of responsive records related to FOIA request numbers 09-04018, 11-06355, 11-08597, 10-5079, 11-08236, 10-07361, and 06-04565.  Accordingly, Plaintiff Sample respectfully requests the Court order DOJ to produce the records subject these requests in their entirety.

**Count Fourteen**

45.  BOP erred in refusing to conduct a search for the records related to FOIA request number 11-08475.  Plaintiff Sample's request reasonably described the records he was seeking, all that was required to trigger BOP's duty to perform a search under FOIA.  Accordingly, Plaintiff Sample respectfully requests

the Court order the DOJ to undertake a search for the records related to this request.

**Count Fifteen**

46. On August 20, 2009, OIP remanded to the BOP for further processing Appeal No. 08-07472 (BOP FOIA request # 08-07472).

47. On January 19, 2010, OIP remanded to the BOP for further processing Appeal No. 09-2799 (BOP FOIA request # 09-09895).

48. On September 27, 2010, OIP remanded to the BOP for further processing Appeal No. 10-2881 (BOP FOIA request # 09-04019).

49. On September 1, 2011, OIP remanded to the BOP for further processing Appeal No. 11-01080 and Appeal No. 11-01418 (BOP FOIA request # 10-2052).

50. On September 12, 2011, OIP remanded to the BOP for further processing Appeal No. 11-02025 (BOP FOIA request # 11-06171).

51. On September 28, 2011, OIP remanded to the BOP for further processing Appeal No. 11-02354 and 11-02213 (BOP FOIA request numbers 11-06300 and 11-07177).

52. On November 2, 2011, OIP remanded to the BOP for further processing Appeal No. 11-02838 (BOP FOIA request # 11-08022).

53. Despite the remands ordered by OIP in paragraphs 46-52 above, BOP continues to unlawfully withhold the records subject to these requests. Plaintiff Sample respectfully requests the Court order the DOJ to produce the records related to this Count.

**Count Sixteen**

54. On January 30, 2009, Plaintiff Sample submitted a FOIA request to the BOP for documents related to the implementation of TRULINCS, and its technical intricacies.

55.   On August 27, 2010, Plaintiff Sample submitted a FOIA request
to the BOP for the "pat search training video illustrating how
correctional officers at FCI Danbury are trained on proper technique"
that was introduced as evidence in Forde v. Baird, No. 3:03-CV-1424
(EBB)(D. Conn. 2010).

56.   On September 2, 2010, Plaintiff Sample submitted a FOIA
request to the BOP for a copy of the contract between the BOP
and Advanced Technologies Group pertaining to the installation,
maintenance, and upgrade of the Trust Fund Limited Inmate Computer
System (TRULINCS).

57.   On September 6, 2010, Plaintiff Sample submitted a FOIA
request to the BOP for furlough and inmate/staff ratio data.
This request was assigned request number 11-06083.

58.   On September 8, 9, 10, 2010, Plaintiff Sample submitted
a FOIA request to the BOP for an electronic copy of numerous
video recordings from the BOP's video repository on Sallyport.

59.   On September 13, 2010, Plaintiff Sample submitted a FOIA
request to the BOP for a copy of any and all documents related
to an inspection of the Federal Prison Camp in Duluth, Minnesota
by an industrial hygienist or other outside specialist in
response to an outbreak of MRSA that occurred at the facility
between 2000 and 2010.

60.   On September 14, 2010, Plaintiff Sample submitted a FOIA
request to the BOP for a copy of "each and every memorandum
produced by the Central Office (from each branch within the
Central Office) during fiscal year 2010."

61.   On September 22, 2010, Plaintiff Sample submitted a FOIA

17

request to the BOP for a "copy of the fiscal year 2010 wrap up
for trust fund operations throughout the Bureau of Prisons when
the report is available."

62. On September 23, 2010, Plaintiff Sample submitted a FOIA
request to the BOP for a SENTRY printout of all work detail
assignments at each institution in the Northeast Region.

63. On September 24, 2010, Plaintiff Sample submitted a FOIA
request to the BOP for a copy of all institution supplements
on file for each institution in the Northeast Region.

64. On September 25, 2010, Plaintiff Sample submitted a FOIA
request to the BOP for a copy of "all records that give a general
overview of the Education RedMap initiative currently under review
by the" BOP.

65. On October 5, 2011, Plaintiff Sample submitted a FOIA
request to the BOP for a copy of the "most recent contract"
between the Bureau of Prisons and Dismas Charities related to
the operation of residential re-entry centers located in Louisiana.

66. On October 29, 2010, Plaintiff Sample submitted a FOIA
request to the BOP for a list of the "name, address, telephone
number, and e-mail address for each Public Information Officer
(PIO) working for the Bureau of Prisons."

67. On February 15, 2011, Plaintiff Sample submitted a FOIA
request to the BOP for an "electronic copy of all e-mail
communication between BOP Central Office staff and other members
of the United States government concerning the provision of
increased good time allowances for federal prisoners as part
of the BOP's fiscal year 2012 budget."

68.  On November 12, 2010, Plaintiff Sample submitted a FOIA request to the BOP for an electronic copy of the "Current Rated Capacity Computation Form for each institution in the North East Region."

69.  On December 6, 2010, Plaintiff Sample submitted a FOIA request to the BOP for a copy of the most recent "Inmate Race and Ethnicity" data from the Key Indicator database for each institution in the BOP.

70.  On December 10, 2010, Plaintiff Sample submitted a FOIA request to the BOP for a "copy of the cable/satellite channel line-up for each institution . . . in the Western Region."

71.  On December 13, 2010, Plaintiff Sample requested under FOIA from BOP an electronic copy of all institution supplements from each institution in the Western Region.

72.  On December 31, 2010, Plaintiff Sample submitted a FOIA request to the BOP for an electronic copy of the most recent commissary list from each institution in the Western Region.

73.  On January 1, 2011, Plaintiff Sample submitted a FOIA request to the BOP for electronic copies of all cell photos from each institution in the Western Region.

74.  On January 2, 2011, Plaintiff Sample submitted a FOIA request to the BOP for a SENTRY printout of all available work detail assignments for each institution in the South Central Region.

75.  On January 10, 2011, Plaintiff Sample submitted a FOIA request to the BOP for an electronic copy of the most current chaplaincy services inmate programming schedule for each

institution in the Northeast Region.

76. On January 11, 2011, Plaintiff Sample submitted a FOIA request to the BOP for a copy of the most recent commissary operations schedule and commissary list for each institution in the Northeast Region.

77. On January 16, 2011, Plaintiff Sample submitted a FOIA request to the BOP for the following information from the Key Indicator database on each institution in the Western Region: (1) the most recent "monthly total of inmates furloughed by facility"; (2) cumulative percent/total inmate furloughed; (3) prohibited acts 100-400 level (pct of total); and (4) staff/inmate demographic comparison.

78. On January 27, 2011, Plaintiff Sample submitted a FOIA request to the BOP for a copy of the most recent rated capacity computation form for each institution in the Mid-Atlantic Region.

79. On January 28, 2011, Plaintiff Sample submitted a FOIA request to the BOP for "color copies of all photos on file in the Northeast Regional Office for architectural barriers act assessments" conducted by the Northeast Regional office of institutions in the Northeast Region.

80. On February 6, 2011, Plaintiff Sample submitted a FOIA request to the BOP for a "SENTRY printout of all the available work detail assignments at each institution in the Mid-Atlantic Region."

81. On February 6, 2011, Plaintiff Sample submitted a FOIA request to the BOP for "an electronic copy of the most current commissary list from each institution in the Mid-Atlantic Region."

20

82.  On February 21, 2011, Plaintiff Sample submitted a FOIA request to the BOP for "a copy of the cable channels/satellite channels each institution in the Northeast Region currently subscribes to."

83.  On February 23, 2011, Plaintiff Sample submitted a FOIA request to the BOP for electronic copies of numerous information from the "Key Indicator section of the Central Office."  There were separate bulleted kinds of data sought with this request.

84.  On February 25, 2011, Plaintiff Sample submitted a FOIA request to the BOP for a "color, electronic copy of all posters produced by the BOP."

85.  On February 26, 2011, Plaintiff Sample submitted a FOIA request to the BOP for an "electronic copy of all historical photos of institutions in the Northeast Region."

86.  On February 27, 2011, Plaintiff Sample submitted a FOIA request to the BOP for "a copy of the most recent rated capacity computation form for each institution in the Northeast Region."

87.  On March 15, 2011, Plaintiff Sample submitted a FOIA request to the BOP for electronic, color copies of numerous cell photos from Southeast Regional institutions.

88.  On March 16, 2011, Plaintiff Sample submitted a FOIA request to the BOP for a "copy of the most current times the commissary is open for inmate sales/open house at each institution in the Western Region."

89.  On March 17, 2011, Plaintiff Sample submitted a FOIA request to the BOP for electronic, color copies of numerous cell photos from the North Central Region.

90. On March 20, 2011, Plaintiff Sample submitted a FOIA request to the BOP for an electronic copy of the most recent commissary list for each institution in the South Central Region.

91. On March 22, 2011, Plaintiff Sample submitted a FOIA request to the BOP for a breakdown of how many inmate telephones/TRULINCS terminals there are at each institution in the Mid-Atlantic Region.

92. On March 23, 2011, Plaintiff Sample submitted a FOIA request to the BOP for documents related to "the BOP's decision to implement a fingerprint identification requirement as part of the inmate commissary sales process."

93. On March 24, 2011, Plaintiff Sample submitted a FOIA request to the BOP for a printout of the "location and number of TRULINCS terminals/inmate phones at each institution" in the Northeast Region.

94. On March 25, 2011, Plaintiff Sample submitted a FOIA request to the BOP for an electronic copy of the most current inmate commissary list for each institution in the North Central Region.

95. On March 27, 2011, Plaintiff Sample submitted a FOIA request to the BOP for "a copy of the list of cable/satellite channels each institution in the North Central Region subscribes to."

96. On March 28, 2011, Plaintiff Sample submitted a FOIA request to the BOP for an "electronic copy of all current institution supplements for each institution in the North Central Region."

97. On March 31, 2011, Plaintiff Sample submitted a FOIA request to the BOP for an "electronic color copy" of numerous cell photos from institutions in the South Central Region.

22

98. On April 10, 2011, Plaintiff Sample submitted a FOIA request to the BOP for an electronic copy of all 2010 holiday activity schedules.

99. On April 24, 2011, Plaintiff Sample submitted a FOIA request to the BOP for a "printout from each institution in the South Central Region that shows the number and location of all inmate telephones and inmate TRULINCS terminals at each facility."

100. On April 26, 2011, Plaintiff Sample submitted a FOIA request to the BOP for color, electronic copies of historical photos from the MId-Atlantic Region.

101. On May 2, 2011, Plaintiff Sample submitted a FOIA request to the BOP for "records showing the number and location of all inmate telephones and TRULINCS terminals at each institution in the Western Region."

102. On May 8, 2011, Plaintiff Sample submitted a FOIA request to the BOP for historical photos from the South Central Region.

103. On May 14, 2011, Plaintiff Sample submitted a FOIA request to the BOP for "a copy of the most recent breakdown of Care Level assignments for each institution in the Bureau of Prisons."

104. On May 25, 2011, Plaintiff Sample submitted a FOIA request to the BOP for 2010 fiscal year holiday bulletins from the North Central Region.

105. On May 28, 2011, Plaintiff Sample submitted a FOIA request to the BOP for electronic copies of different photos of Western Region institutions.

106. On June 5, 2011, Plaintiff Sample submitted a FOIA request to the BOP for electronic copies of various photos in the possession of different components within the South Central Region.

107. On June 11, 2011, Plaintiff Sample submitted a FOIA request to the BOP for an "electronic copy of all photos depicting aspects of BOP facilities" in the Mid-Atlantic Region.

108. On June 13, 2011, Plaintiff Sample submitted a FOIA request to the BOP for an electronic copy of "all photos depicting aspects of BOP facilities" in the North Central Region.

109. In October of 2011, Plaintiff Sample submitted a FOIA request to the BOP for records about its MP3 player program.

110. The BOP has failed to respond to the FOIA requests described in paragraphs 54-109 of this Complaint, each of which were submitted on the dates indicated via TRULINCS to the BOP in accordance with the terms of the settlement agreement in Sample v. Federal Bureau of Prisons, No. 06-715 (PLF)(D.D.C. 2008).

111. Plaintiff Sample respectfully requests the Court order the DOJ to produce the records requested in paragraphs 54-109 of this Complaint.

**Count Seventeen**

112. BOP erred in refusing to grant Plaintiff Sample a public interest fee waiver for FOIA requests 09-01404 and 09-05964. Plaintiff Sample met all of the statutory criteria for a public interest fee waiver for these requests.  Accordingly, Plaintiff Sample respectfully requests the Court other the DOJ to produce responsive records to these requests at no charge to Sample.

**Count Eighteen**

113. BOP erred in refusing to produce responsive records related to Plaintiff Sample's FOIA request (#09-09778) for documents

24

supporting BOP's conclusion that "RRC needs can usually be accommodated by a placement of six months or less." Accordingly, the Court should order DOJ to search for and produce records related to this Count.

**Count Nineteen**

114. On August 28, 2009, Plaintiff Sample submitted a FOIA request to the DOD.  The request was assigned reference number 09-F-1707.  DOD granted Sample a fee waiver based on his news media affiliation with PLN.  To date, however, DOD has failed to produce substantive records related to Sample's FOIA request. Plaintiff Sample respectfully requests the Court order the DOD to produce the records related to this request.

**Count Twenty**

115. In June of 2007, Plaintiff Sample submitted a FOIA request to the USPS.  The request was assigned FOIA case number 2007-FPRO-00520.  To date, USPS has failed to produce any responsive records to this request.  Plaintiff Sample respectfully requests the Court order USPS to produce the records related to this request.

**Relief Requested**

116. Grant the relief specially requested in Counts One - Twenty.

117. Grant Plaintiffs their costs and such other relief the Court deems fit.

Respectfully submitted,


Brandon Sample #33949-037
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814



Bernard Shaw #59469-004
Federal Satellite Low
2600 Highway 301 South
Jesup, Georgia 31599


Russell Marks #06550-045
FCI Pollock
P.O. BOX 2099
Pollock, Louisiana 71467



Daniel Meyer # 03026-029
FCI Allenwood
P.O. BOX 1000
White Deer, Pennsylvania 17887



Wesley Hawkins # 06207-041
Federal Prison Camp
P.O. BOX 644
Jonesville, Virginia 24263



Phung Hoang #14538-041
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814


26

Vinh Hoang # 14535-041
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814


Joseph Giganti # 13520-040
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814


Phi Tran # 14970-041
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814


Larry Dyson #10647-042
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814


Jon Sweeney #13003-041
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814


Kurt Schels # 06733-090
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814


Zane Vang # 15049-041
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814


27

Marquis Davis # 08217-089
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814


John Pierson # 09161-041
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814


Derek Gilna # 19260-424
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814


Peng Thao # 12790-041
Federal Prison Camp
P.O. BOX 1000
Duluth, Minnesota 55814